ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ADVISORY LETTER ON THE FOLLOWING QUESTION:
 MAY A CITY COUNCILMAN FROM A CITY MANAGER FORM OF GOVERNMENT LIVE OUTSIDE HIS WARD AND STILL RETAIN HIS SEAT IN THAT WARD?
YOU SPECIFICALLY ASKED FOR AN INFORMAL ADVISORY LETTER THEREFORE THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
TITLE 11 OF THE OKLAHOMA STATUTES RECOGNIZES FIVE FORMS OF MUNICIPAL GOVERNMENT; ALDERMANIC, COUNCIL-MANAGER, STRONG-MAYOR COUNCIL, TOWN BOARD, AND MUNICIPAL CHARTER. I WILL ASSUME FOR PURPOSES OF YOUR QUESTION YOU ARE REFERRING TO THE COUNCIL-MANAGER FORM OF CITY GOVERNMENT WHERE A CITY MANAGER IS APPOINTED BY THE COUNCIL.
IT IS WELL ESTABLISHED IN OKLAHOMA "WHERE THE LANGUAGE OF A STATUTE IS PLAIN AND UNAMBIGUOUS AND ITS MEANING CLEAR, NO RULES OF CONSTRUCTION ARE USED AND ITS EVIDENT MEANING MUST BE ACCEPTED." JACKSON V. INDEPENDENT SCHOOL DISTRICT NO. 16, 648 P.2D 26 (OKLA.1982). YOUR QUESTION CAN BE ANSWERED BY A CLEAR READING OF THE RELEVANT STATUTE PROVIDING FOR QUALIFICATIONS OF COUNCIL MEMBERS.
"THE COUNCIL MEMBERS SHALL BE RESIDENTS AND REGISTERED VOTERS OF THE CITY. THE COUNCIL MEMBERS FROM WARDS SHALL BE ACTUAL RESIDENTS OF THEIR RESPECTIVE WARDS AT THE TIME OF THEIR CANDIDACY AND ELECTION; BUT REMOVAL OF A COUNCIL MEMBER FROM ONE WARD TO ANOTHER WITHIN THE CITY AFTER HIS ELECTION. OR A CHANGE IN WARD BOUNDARIES. SHALL NOT DISQUALIFY HIM FROM COMPLETING THE TERM FOR WHICH HE WAS ELECTED." 11 O.S. 10-103 (1991).
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT A COUNCIL MEMBER MUST BE AN ACTUAL RESIDENT OF HIS/HER WARD AT THE TIME OF ELECTION; BUT MAY MOVE FROM ONE WARD TO ANOTHER WITHIN THE CITY AFTER HIS/HER ELECTION AND WOULD NOT BE DISQUALIFIED FROM COMPLETING THE TERM FOR WHICH HE/SHE WAS ELECTED.
(VICTOR N. BIRD) (CITY LIMITS)